NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHONDA HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> FEIN, SUCH, KAHN & SHEPARD, MTGLQ INVESTORS, L.P., <br> SHELLPOINT MORTGAGE SERVICING, <br> J.P. MORGAN CHASE, <br> SN SERVICING CORPORATION, <br> FITZGERALD AND CROUCH, *et al.*, <br><br> Defendants. | Civil Action No.: 2:20-cv-01574 <br><br><br> **OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on five separate Motions to Dismiss *pro se* Plaintiff Rhonda Harris's ("Plaintiff" or "Harris") Complaint (ECF No. 1, "Compl.") filed by Defendants **(1)** Fitzgerald and Crouch pursuant to Fed. R. Civ. P. 12(b)(6); **(2)** Fein, Such, Kahn & Shepard ("Fein, Such") pursuant to Fed. R. Civ. P. 12(b)(1) and (6); **(3)** SN Servicing Corporation ("SN Servicing") pursuant to Fed. R. Civ. P. 12(b)(1) and (6); **(4)** J.P. Morgan Chase, National Association ("Chase") pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6); and **(5)** MTGLQ Investors, L.P. ("MTGLQ") and Shellpoint Mortgage Servicing ("Shellpoint") pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6), together, the "Defendants." ECF Nos. 4, 5, 7, 9, 12. Plaintiff filed an opposition to these motions (ECF No. 16),[1] to which all Defendants except Fitzgerald and Crouch

---

[1] The Court ordered that Plaintiff file her opposition within thirty days of October 26, 2020. ECF No. 15. Plaintiff filed her opposition two weeks late on December 10, 2020. ECF No. 16. Nevertheless, because Plaintiff appears *pro se*, her arguments are to be construed liberally and the Court will consider her opposition. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (2013).

replied. ECF Nos. 17, 18, 19, 20. The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, all motions to dismiss are GRANTED.

## I.     BACKGROUND

### a. Factual Background[2]

On November 28, 2000, Harris executed a promissory note in favor of Summit Bank memorializing a loan for $111,500.00. ECF No. 5-2, at 1 ("Fein, Such br."). That same day, to secure the loan, Harris executed a mortgage (the "mortgage") in favor of Summit Bank, in which Plaintiff encumbered her real property located at 260 Randolph Avenue, Jersey City, New Jersey (the "property"). ECF No. 12-11, at 2 ("MTGLQ and Shellpoint br."). The mortgage was later assigned to Chase on July 16, 2013. *Id.*

Subsequently, Chase retained Fein, Such as counsel and on February 13, 2015 filed a foreclosure complaint (the "foreclosure action") against Harris in the Superior Court of New Jersey, Chancery Division, Hudson County (the "Superior Court"), captioned: *Federal National Mortgage Association v. Rhonda Harris, et al.*, No. F-5393-15, alleging that Harris defaulted on her mortgage. *Id.* The Superior Court then substituted MTGLQ, the holder of the mortgage, as plaintiff.[3] MTGLQ and Shellpoint br. at 2; Fitzgerald and Crouch br. at 3. Thereafter, on June 12, 2017, the Superior Court entered a final judgment of foreclosure and writ of execution in favor of MTGLQ and marked the matter as "disposed." *Id.*

---

[2] Allegations in the Complaint are supplemented with information from Defendants' Motions to Dismiss. ECF No. 4, 5, 7, 9, 12. When deciding a motion to dismiss, in addition to considering the allegations in the Complaint, the Court may also consider matters of public record. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) Thus, this Court also takes judicial notice of the facts as set forth in the Foreclosure Complaint. ECF No. 7 at 12 ("SN Servicing br.").

[3] Shellpoint and SN Servicing were the servicers of the mortgage. Fitzgerald and Crouch br. at 3; SN Servicing br. at 2.

Months later, on October 13, 2017, MTGLQ's counsel mailed a notice of the sheriff's sale to Harris by certified and regular mail. *Id.* Harris then filed a motion to stay the sheriff's sale on November 27, 2017. *Id.* The Superior Court then converted Harris's motion to stay the sheriff's sale to a motion to vacate the final foreclosure judgment. *Id.* Ultimately, on December 14, 2017, the Superior Court denied Harris's motion to vacate the final foreclosure judgment. *Id.*

On December 27, 2017, Harris retained Fitzgerald and Crouch to file a Chapter 13 bankruptcy action. ECF No. 4-1, at 2 ("Fitzgerald and Crouch br."). On December 30, 2017, Fitzgerald and Crouch filed for Chapter 13 bankruptcy on Harris's behalf in the United States Bankruptcy Court for the District of New Jersey, under case number 17-36071. MTGLQ and Shellpoint br. at 3.

On November 11, 2019, MTGLQ again mailed a notice of the sheriff's sale to Harris by certified and regular mail. *Id.* On February 13, 2020, a sheriff's sale was held, and the property was sold back to MTGLQ as the highest bidder. Fein, Such br. at 2.

### b. Procedural Background

On February 13, 2020, Plaintiff filed the instant Complaint against Defendants. Compl. at ¶¶ 1–30. Plaintiff's Complaint is difficult to decipher. It contains counts that rely on references to unrelated legal theories with limited supporting facts or delineation as to specific Defendants. Count One, entitled "Debt Validation Demand," purports to bring claims under the Fair Debt Collection Practices Act, 15 U.S.C.A § 1692 et. al, ("FDCPA") and state-law libel and slander claims. *Id.* at ¶¶ 10–13. Count Two, entitled "Conspiracy Claim," cites to the so called "Gold Repeal Act," which the Court notes, as described below, is no longer in effect. *Id.* at ¶¶ 14–17; *see also Feldman v. Great N. Ry. Co.*, 428 F. Supp. 979, 983 (S.D.N.Y. 1977) (citing legislation that repealed the Gold Repeal Act, Pub. L. 93–373, S. 2665 (1974)). At various points, the

Complaint also makes passing references to the Fair Credit Reporting Act ("FCRA"), Truth in Lending Act ("TILA"), Securities Act of 1933 ("Securities Act"), New Jersey Consumer Protection Act ("NJCPA"), and the Due Process Clause. *Id.* at ¶ 28.

On March 4, 2020, Fitzgerald and Crouch moved to dismiss Plaintiff's Complaint. ECF No. 4. On March 13, 2020, Fein, Such moved to dismiss Plaintiff's Complaint. ECF No. 5. On March 17, 2020, SN Servicing moved to dismiss Plaintiff's Complaint. ECF No. 7. On April 6, 2020, Chase moved to dismiss Plaintiff's Complaint. ECF No. 9. On July 24, 2020, MTGLQ and Shellpoint moved to dismiss Plaintiff's Complaint. ECF No. 12. Plaintiff filed an opposition to Defendants' Motions to Dismiss on December 10, 2020 (ECF No. 16), to which all Defendants except Fitzgerald and Crouch replied. ECF Nos. 17, 18, 19, 20.

## II.    LEGAL STANDARD

### a.  Federal Rule of Civil Procedure Rule 12(b)(1)

A court on the motion of a party or *sua sponte* must dismiss a claim under Rule 12(b)(1) where it lacks subject matter jurisdiction. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). When addressing a challenge to subject matter jurisdiction, "the court must start by determining whether [it is] dealing with a facial or factual attack to jurisdiction." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.,* 473 F.3d 506, 514 (3d Cir. 2007). A factual attack queries whether the face of the pleadings satisfy the jurisdictional requirements. *Cunningham v. Lenape Regional High Dist. Bd. of Educ.*, 492 F.Supp.2d 439, 447 (D.N.J. 2007). A facial attack challenges the "sufficiency of the plaintiff's pleadings on jurisdictional grounds" where the jurisdictional facts are not in dispute. *Brown v. Tucci*, 960 F. Supp. 2d 544, 561 (W.D. Pa. 2013) (citing *Petruska v. Gannon University*, 462 F.3d 294, 302, n. 3 (3d Cir. 2006)). For purposes of a facial attack, courts accept as true all well-pleaded factual

4

allegations, viewing them in the light most favorable to the party asserting jurisdiction. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 561 (3d Cir. 2005). Here, Defendants "filed the attack before [they] filed any answer to the Complaint or otherwise presented competing facts. Their motion[s] [are] therefore, by definition, a facial attack." *Silverberg v. City of Philadelphia*, No. 19-2691, 2020 WL 108619, at *3 (E.D. Pa. Jan. 8, 2020).

      **b. Federal Rule of Civil Procedure Rule 12(b)(6)**

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted). However, a *pro se* complaint will only be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mishra v. Fox*, 197 F. App'x 167, 168 (3d Cir. 2006) (citations omitted).

**III.   DISCUSSION**

      **a. Rule 12(b)(1)**[4]

Defendants Fein, Such, SN Servicing, Chase, MTGLQ, and Shellpoint argue that dismissal of Plaintiff's claims is warranted because this Court lacks subject matter jurisdiction

---

[4] Defendants also argue that Plaintiff's Complaint should be dismissed because she has failed to effectuate proper service upon them. Nevertheless, given that, as described below, this

5

over the Complaint under the *Rooker-Feldman* doctrine.[5]  Fein, Such br. at 6; SN Servicing br. at 12; Chase br. at 7; MTGLQ and Shellpoint br. at 8.  While Fitzgerald and Crouch did not raise this argument, "the court can raise *sua sponte* subject-matter jurisdiction concerns."  *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).  The Court agrees with Defendants that it lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine given that the Complaint alleges there was a "[w]rongful [f]oreclosure" action.  ECF No. 16 at 3.

The *Rooker-Feldman* doctrine precludes "lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state[] court[]."  *Parkview Assocs. Pshp. v. City of Leb.*, 225 F.3d 321, 325 (3d Cir. 2000) (citations omitted).  Specifically, the *Rooker-Feldman* doctrine is applicable to (1) "cases brought by state-court losers"; (2) "complaining of injuries caused by state-court judgments"; (3) "rendered before the district court proceedings commenced"; and (4) "inviting district court review and rejection of those judgments."  *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

All four factors are met here.  *First*, the foreclosure action was instituted against Plaintiff in state court, which resulted in a final foreclosure judgment against her.  Fein, Such br. at 1;

---

Court dismisses the Complaint on other grounds, to the extent Plaintiff chooses to amend her Complaint, she is instructed to cure her service defects and properly serve Defendants pursuant to Fed. R. Civ P. 4.

[5] Defendants SN Servicing and Chase also argue, in the alternative, that the Court should abstain from hearing Plaintiff's claims under the *Colorado River* and *Younger* abstention doctrines. SN Servicing br. at 15; Chase br. at 11, 13.  Under the *Colorado River* and *Younger* abstention doctrines, where a related state court proceeding is pending or until all appellate state remedies have been exhausted, a district court may abstain from exercising jurisdiction over the federal case if circumstances are exceptional and if abstention would promote judicial efficiency.  *Gordon v. E. Goshen Twp.*, 592 F. Supp. 2d 828, 844 (E.D. Pa. 2009).  However, these abstention doctrines do not serve as a jurisdictional bar to litigation in federal court where, like here, the related state court case proceedings have already ceased.  *See, e.g.*, *Zahl v. Warhaftig*, 655 F. App'x 66, 72 (3d Cir. 2016).

Compl at ¶ 1.  *Second*, Plaintiff complains of injuries caused by the foreclosure judgment.  Her briefs reference this judgment as a means to address "wrongful foreclosure."  *See, e.g.*, ECF No. 16 at 3; *see also Khan v. JP Morgan Chase N.A.*, No. 20-873, 2020 WL 5798781, at *2 (D.N.J. Sept. 29, 2020).  Specifically, Plaintiff's claims hinge on the allegations that Defendants failed to "validate . . . [her] debt" and provide her with proper notice and service in the foreclosure action, and, consequently, the Superior Court erred by issuing the judgment against her.  Compl. at ¶¶ 10–11.  Thus, because Plaintiff's alleged injuries were caused by the foreclosure judgment entered against her, "[t]his type of action is exactly what *Rooker-Feldman* is meant to prevent."  *Khan*, 2020 WL 5798781, at *2 ("Although it [may be] difficult to discern the basis for Plaintiff's claims, the gravamen of the complaint appears to be that Defendants [did] not have a right to pursue [a] [f]oreclosure [a]ction and [] sheriff's sale.") (citations omitted).  *Third,* the Superior Court entered final judgment in the foreclosure action against Plaintiff on June 12, 2017, and, subsequently, on February 13, 2020, Plaintiff brought the instant Complaint before this Court.  Fein, Such br. at 1; Compl at ¶ 1.  *Finally*, Plaintiff's claims purport to "impugn the validity of [the] mortgage and therefore [attempt to] 'negate the foreclosure judgment.'" *Dunbar v. Nationstar Mortg.*, LLC, No. 16-4259, 2016 WL 6804874, at *2 (D.N.J. Nov. 16, 2016) (quoting *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009)).  Indeed, such claims are barred under *Rooker-Feldman* "since [these allegations] are 'inextricably intertwined' with the foreclosure action."  *Id*.  Put differently, Plaintiff's challenge to "the validity of the mortgage [and] the right to foreclose" is tantamount to "inviting district court review and rejection of [the foreclosure

7

judgment]." *Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, No. 18-1407, 2020 WL 525899, at *4 (D.N.J. Jan. 31, 2020).[6]

Accordingly, having found that this Court does not have subject matter jurisdiction over Plaintiff's claims and that dismissal is therefore warranted under Rule 12(b)(1), the Court addresses the parties' alternative arguments.

### b. Rule 12(b)(6)

#### i. Entire Controversy Doctrine and Res Judicata

Defendants Chase and MTGLQ also assert that dismissal of Plaintiff's claims against them is warranted under the Entire Controversy Doctrine and *Res Judicata*. Chase br. at 15; MTGLQ and Shellpoint br. at 11; *see also Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) ("[R]es judicata and the Entire Controversy Doctrine . . . [are] properly [considered] pursuant to Fed. R. Civ. P. 12(b)(6)."). The Court agrees with Defendants Chase and MTGLQ that dismissal is warranted on these grounds.[7]

The Entire Controversy Doctrine, codified under N.J. Ct. R. 430A, and *Res Judicata* "both share a trio of requirements" for preclusive effect to be given to an instant claim: (1) "the

---

[6] To the extent that *Rooker-Feldman* does not apply to Plaintiff's state-law libel and slander claims, this Court nevertheless lacks subject matter jurisdiction over those claims. Specifically, Plaintiff, not having alleged diversity jurisdiction, must rely on the Court's exercise of supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367(a). However, given that Plaintiff has failed to plead any actionable federal law claims, this Court declines to extend supplemental jurisdiction over Plaintiff's state law claims. *Id*. In any event, as described below, all of Plaintiff's claims independently warrant dismissal under the Entire Controversy Doctrine and *Res Judicata* and for failure to state a claim.

[7] Defendant SN Servicing also argues that dismissal of Plaintiff's claims against them is warranted under the Entire Controversy Doctrine and *Res Judicata*. SN Servicing br. at 3. The Court disagrees, however, because SN Servicing neither appears to be a party in the foreclosure action nor otherwise in privity with Chase or MTGLQ. *Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 802 (3d Cir. 2017) ("[T]he parties in the action must be identical or in privity with those in the prior action" for preclusive effect to be given).

8

judgment in the prior action must be valid, final, and on the merits"; (2) "the parties in the action must be identical or in privity with those in the prior action"; and (3) "the action must grow out of the same transaction or occurrence as the claim in the earlier one." *Rodrigues*, 690 F. App'x at 802 (applying the Entire Controversy Doctrine together with *Res Judicata*) (citations omitted).

Both Defendants satisfied the first prong because the Superior Court issued a final default judgment in the foreclosure action against Plaintiff on the merits. ECF No. 5 at 25, Ex. 1. They also satisfied the second prong because MTGLQ is both a party in the instant action and the foreclosure action and Chase is both a party in the instant action and, as a previous holder of the mortgage, is a predecessor in interest of, and in privity with, MTGLQ in the foreclosure action. Fein, Such br. at 1; *D. Russo Inc. v. Chiesa*, No. 12-2397, 2013 WL 2149681, at *7 (D.N.J. May 16, 2013) ("[P]rivity of interest for [preclusion] purposes . . . [is satisfied where] one . . . follows another in ownership or control of property.") (citations omitted). Finally, these same Defendants satisfied the third prong because the instant action and the foreclosure action arise out of the same transaction and occurrence—the alleged mortgage default and subsequent foreclosure. Compl. at ¶¶ 10–11. Furthermore, insofar as Plaintiff's instant claims deviate from her claims asserted in the foreclosure action, that is irrelevant for preclusion purposes. Rather, "[t]he doctrine of *Res Judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010). Similarly, the Entire Controversy Doctrine bars claims that "accrued, ripened, and become known to [Plaintiff] during the pendency of the state court foreclosure action." *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 548 (D.N.J. 2017). Accordingly, *Res Judicata* and the Entire Controversy Doctrine preclude Plaintiff's claims against MTGLQ and Chase.

*ii. Failure to State a Claim*

Even assuming, *arguendo*, that this Court retains subject matter jurisdiction over the Complaint and that the Entire Controversy Doctrine and *Res Judicata* do not preclude Plaintiff's claims, Plaintiff has nevertheless failed to state any claim for relief and dismissal is therefore warranted under Rule 12(b)(6). Fitzgerald and Crouch br. at 5; Fein, Such br. at 3; SN Servicing br. at 19; ECF No. 9-1, at 19 ("Chase br."); MTGLQ and Shellpoint br. at 14.

1. Count One – "Debt Validation Demand"

a. FDCPA

First, the Court understands Plaintiff to allege in Count One, entitled "Debt Validation Demand," that Defendants neither provided proper service or notice to her in the foreclosure action nor "validated" her debt, and thus the Superior Court erred in finding the judgment against her, all in violation of the FDCPA. Compl. at ¶¶ 10–11. To state a claim under the FDCPA, Plaintiff must establish that (1) she is a "consumer" who is harmed by violations of the FDCPA; (2) the "debt" at issue arises out of a transaction entered into primarily for personal, family, or household purposes; (3) Defendants collecting the debt are "debt collectors"; and (4) Defendants have violated, by act or omission, a provision of the FDCPA. *Purpura v. JP Morgan Chase*, No. 16-3765, 2018 WL 1837952, at *5 (D.N.J. Apr. 18, 2018), *reconsideration denied*, No. 16-3765, 2018 WL 3727383 (D.N.J. Aug. 6, 2018), and *aff'd sub nom*, 765 F. App'x 864 (3d Cir. 2019).

As a threshold matter, Plaintiff's FDCPA claim is time barred because she did not bring it "within one year [after] the date on which the alleged violation occur[ed]." 15 U.S.C. § 1692k(d); Compl. at ¶ 13 (alleging that Defendants initially "failed to validate the debt," the purported violation, "more than two years [ago]"). Regardless, Plaintiff's claim is still not cognizable because she has not pleaded that any of the Defendants are "debt collectors" within the meaning

of the FDCPA as "[t]he activity of foreclosing on the property . . . is not the collection of a debt." *Tobing v. Parker McCay, P.A.,* No. 17-474, 2018 WL 2002799, at *10 (D.N.J. Apr. 30, 2018) (citations omitted).

### b. Libel and Slander

Plaintiff also asserts in Count One, named "Debt Validation Demand," that Chase, and Fein, Such committed "libel and slander" against her by filing the foreclosure action "in the public record," which allegedly contained "derogatory, incriminating, inflammatory, and wholly inaccurate information."[8] Compl. at ¶¶ 10–11. To prevail on a libel or slander claim under New Jersey law, Plaintiff must prove that: (1) Defendants made a defamatory statement of fact; (2) concerning Plaintiff; (3) which was false; (4) which was communicated to persons other than the Plaintiff; and (5) fault. *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 372 (D.N.J. 2004) (citing *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186 (3d Cir.1998)); *see also Thomasian v. New Jersey Inst. of Tech.*, No. 08-2218, 2009 WL 260791, at *2, n.5 (D.N.J. Feb. 3, 2009) (citations omitted) ("[Plaintiff must] plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication. A vague conclusory allegation is not enough.").

Here, Plaintiff's action is time-barred because she did not bring it "within 1 year [after] the publication of the alleged libel or slander," as the foreclosure complaint at issue was filed on February 13, 2015, yet this Complaint was filed roughly five years later. N.J.S.A. 2A:14–3; Fein, Such br. at 1. Moreover, Plaintiff has neither adequately "plead[ed] facts sufficient to identify the defamatory words" nor that each Defendant made a defamatory statement. *Yuhasz v. Genesis Healthcare, LLC*, No. 3176-173, 2019 WL 2394689, at *8 (N.J. Super. Ct. App. Div. June 6, 2019).

---

[8] The Court assumes that Plaintiff brings this claim against only Chase, and Fein, Such, as Plaintiff's claim centers around the filing of the foreclosure complaint, which was consummated solely by these Defendants. MTGLQ and Shellpoint br. at 2.

11

Relatedly, Fein, Such also moves for dismissal of these claims "pursuant to the litigation privilege." Fein, Such br. at 8. Under New Jersey law, this privilege ensures that "statements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability." *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009) (citations omitted). Thus, to the extent that Plaintiff brings her libel and slander claims against Fein, Such "for their conduct [as attorneys] . . . in the State Foreclosure Action . . . those claims are . . . barred." *Wilson v. State of New Jersey, et al.*, No. 17-444, 2017 WL 2539398, at *6 (D.N.J. June 12, 2017).

2. Count Two – "Conspiracy Claim"

In Count Two, entitled "Conspiracy Claim," Plaintiff alleges that Defendants violated "public policy" under the so called "Gold Repeal Act." Compl. at ¶¶ 14–16. However, this legislation is no longer in effect, and, in any event, is not relevant to this action. In 1933, President Roosevelt issued Executive Order 6012 and Congress passed a Joint Resolution which declared certain gold clauses to be void against public policy, otherwise known as the "Gold Repeal Act." H.J. Res. 192, 73rd Cong. (1933), enacted by Pub. L. No. 73–10, 48 Stat. 112–13 (1933); *see also Wilkerson v. Gozdan*, No. 2:14-693, 2014 WL 4093279, at *4 (M.D. Ala. Aug. 19, 2014). Subsequently, though, President Ford signed legislation that repealed this limitation on gold ownership. *See Feldman*, 428 F. Supp. at 983 (citing Pub. L. 93–373, S. 2665 (1974)).

At various other points in the Complaint, Plaintiff makes passing references to the FCRA, TILA, Securities Act, NJCPA, and Due Process Clause without alleging any supporting facts. Compl. at ¶ 28. Thus, "[a]bsent any allegations substantiating [Plaintiff's] generalized [conspiracy

claims], Plaintiff's . . . claim[s] do not pass muster under Rule 8's . . . pleading standards."[9] *Covington v. Equifax Info. Servs., Inc.*, No. 21-81564, 2020 WL 1921954, at *8 (D.N.J. Apr. 20, 2020) (citing *Iqbal*, 556 U.S. at 678).

Accordingly, Plaintiff has failed to state any claim for relief and therefore dismissal of the Complaint in its entirety is warranted under Rule 12(b)(6).

## IV.     AMENDMENT OF THE COMPLAINT

While the current Complaint suffers from numerous deficiencies identified in this Opinion, to the extent Plaintiff can cure such deficiencies, Plaintiff may file an amended complaint within thirty (30) days from the date of this Order.  Plaintiff is instructed to adhere strictly to the Federal Rules of Civil Procedure, namely Rule 8(a) which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 9(b) which requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Additionally, Plaintiff is instructed to discuss each individual claim in its own separate section, to identify which specific Defendants are included in each claim, and to remove plainly inapplicable claims.  *See Bass v. Howard*, No. 19-17077, 2020 WL 1332007, at *4 (D.N.J. Mar. 23, 2020) ("Plaintiff failed to provide factual support for any of these additional claims in the [Complaint]. Merely listing causes of action, without also including the necessary elements, does not even rise to the level of conclusory."); *see also White v. Smiths Detection, Inc.*, No. 10-4078, 2013 WL 1845072, at *19 (D.N.J. Apr. 30, 2013) ("[L]aw-of-the-case doctrine bars plaintiff from advancing

---

[9] Moreover, to the extent that Plaintiff has attempted to raise additional claims for the first time in her opposition (ECF No. 16 at 4 (listing a new "bank fraud" claim)), she is not permitted because "asserting [claims] solely in an opposition brief is not a proper substitute for alleging facts in a complaint."  *Sharif v. City of Hackensack*, No. 17-12410, 2018 WL 5619721, at *4 (D.N.J. Oct. 29, 2018); *see also Dongelewicz v. PNC Bank Nat'l Ass'n*, 104 F. App'x 811, 819 n.4 (3d Cir. 2004) ("[A] contention in a brief clearly may not be used to substitute for an allegation in a complaint.") (citations omitted).

13

[identical claims] in the . . . Amended Complaint . . . that plaintiff pleaded previously [and that were already dismissed].").

## V.  CONCLUSION

Thus, for the reasons set forth above, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 4, 5, 7, 9, 12) and the Complaint is dismissed **WITHOUT PREJUDICE**.  An appropriate Order accompanies this Opinion.

**DATE:**  January 21, 2021.

**CLAIRE C. CECCHI, U.S.D.J.**